IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMILAH CRAWFORD,<br><br>    Plaintiff,<br><br>  v.<br><br>AVENUE FAMILY PRACTICE, et al.,<br><br>    Defendants                         / | No. C-10-1154 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

Before the Court are two motions, each initially filed by plaintiff Kamilah Crawford ("Crawford") on April 15, 2010 and renoticed on June 9, 2010: (1) "Motion to Remand Action to the Superior Court of California in and for the County of Alameda;" and (2) "Motion by Plaintiff Kamilah Crawford for Attorney Fees and Costs in Bringing Her Motion to Remand." Defendants Avenue Family Practice, Stephen J. Sommer, and Suzanne Sommer (collectively, "Avenue") have filed opposition to each motion;[1] Crawford has filed a single reply. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[2]

//

---

[1] Two other named defendants, specifically, Larry Jennings and Larry Jennings Insurance Services, have not been served.

[2] By Clerk's notice filed July 14, 2010, the matter was taken under submission; Avenue's applications to supplement the record are GRANTED.

## BACKGROUND

In her complaint, filed in state court on February 5, 2010, Crawford alleges that, beginning in August 2008, she was employed by Avenue as a Billing Manager, and that, under the terms of her employment contract, she was "promised medical and dental benefits through her employment, paid vacation time, and sick leave for as long as she was employed by Avenue [ ] and eligible to receive such benefits." (See Compl. ¶ 13.) Further, Crawford alleges, Avenue "assured" Crawford that her employment "would continue as long as her performance was satisfactory." (See Compl. ¶ 28.) According to Crawford, although she "performed her job competently and conscientiously, and with dedication and loyalty to [Avenue]" (see id.), she was terminated "without cause or justification" on July 23, 2009. (See Compl. ¶ 14.)

Crawford alleges that when she was terminated, Avenue, inter alia, "caused [Crawford's] medical insurance coverage to be retroactively cancelled and terminated effective November 1, 2008, approximately 9 months before [her] services were terminated," even though Avenue had "no basis, factually, legally or otherwise" to retroactively terminate plaintiff's medical insurance." (See Compl. ¶ 18.) Thereafter, Crawford alleges, her "medical insurance provider," defendant Larry Jennings Insurance Company, "demanded from [Crawford] reimbursement for all medical services received by [Crawford] subsequent to November 1, 2008." (See Compl. ¶¶ 19, 56.)

According to Crawford, as a result of the conduct described above, she has "suffered great embarrassment and humiliation, great emotional anguish, mental distress and loss of dignity and pride" (see Compl. ¶ 23), and has "lost substantial employment benefits, including but not limited to lost wages and other employee fringe benefits" (see Compl. ¶ 25).

Based on the above allegations, Crawford alleges nine causes of action,[3] each of which is brought pursuant to state law. On March 18, 2010, Avenue removed the instant

---

[3] In the caption of the complaint, Crawford lists eleven causes of action. In the complaint itself, however, Crawford alleges nine causes of action.

2

action, for the stated reason that Crawford's complaint was "subject to . . . ERISA preemption under 29 U.S.C. § 1144(a) as it relates to an employee benefit plan covered by ERISA" (see Defs.' Notice of Removal ¶ 5), and that the action is removable under the "complete preemption doctrine" (see id. ¶ 7). In particular, Avenue noted that Crawford alleged that her health insurance coverage had been wrongfully terminated by Avenue. (See id. ¶ 5.)

## DISCUSSION

**A. Motion to Remand**

Crawford argues Avenue cannot establish that her complaint includes a claim or claims subject to the complete preemption doctrine. Specifically, Crawford asserts that she does not seek to enforce any benefit related to an ERISA plan.

State laws that "relate to" an ERISA plan are preempted by ERISA. See 29 U.S.C. § 1144(a). "ERISA preemption, without more, does not convert a state claim into an action arising under federal law," however. Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 934 (9th Cir. 1994). Rather, "ERISA 'completely preempts' a state law claim only when it both preempts the claim under 29 U.S.C. § 1144(a) and displaces the claim with its civil enforcement provision, 29 U.S.C. § 1132(a)." Buster v. Greisen, 104 F.3d 1186, 1188 (9th Cir.), cert. denied, 522 U.S. 981 (1997). Consequently, "a state law claim that falls outside the scope of § 1132, even if preempted under § 1144(a), is . . . not removable under the complete preemption doctrine." Toumajian v. Frailey, 135 F.3d 648, 655 (9th Cir. 1998) ("[E]ven if a defendant has a substantial and persuasive argument that the state law claim asserted in the complaint is preempted by § 1144(a) of ERISA, a defense sometimes called 'conflict preemption,' as long as the claim is not capable of characterization as an ERISA claim, removal is improper.").

As stated above, the complaint alleges that Avenue wrongfully "retroactively cancelled and terminated" Crawford's "medical insurance coverage" (see Compl. ¶ 18), and that, thereafter, the insurance provider requested that Crawford reimburse it for services she had received (see Compl. ¶ 19). In support of her motion, Crawford relies on her

1 declaration, in which she clarifies the nature of her claims that pertain to the retroactive
2 cancellation of her coverage.  Specifically, according to Crawford, her medical insurance
3 was "subsequently retroactively reinstated and the insurer dropped its claim for
4 reimbursement" (see Crawford Decl. ¶ 3), and, consequently, Crawford does "not assert
5 any claims for any benefits claimed to be due which relate to that medical insurance policy"
6 (see id. ¶ 4).  Rather, Crawford states, her claims are "for pain and suffering and emotional
7 distress caused by the wrongful retroactive cancellation of [her] medical insurance."  (See
8 id.).

9 "[I]f the basis for jurisdiction is ambiguous at the time of removal," a district court
10 may consider "post-removal affidavits" to determine whether the court has jurisdiction over
11 the removed complaint.  See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir.
12 2000); see also Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000)
13 (holding district courts may "consider post-removal evidence in assessing removal
14 jurisdiction").  Here, the complaint is ambiguous as to the type(s) of injury allegedly incurred
15 by Crawford as a result of the retroactive cancellation of coverage, and, further, is
16 ambiguous as to the nature of the relief sought for any such injury.  Additionally, Avenue
17 has not objected to the manner in which Crawford has clarified the nature of her claims.
18 Consequently, the Court finds it appropriate to consider Crawford's declaration to
19 determine whether Crawford's claims are subject to the complete preemption doctrine.

20 In that respect, Avenue argues that Crawford's claims, as clarified by her
21 declaration, are subject to complete preemption, and, accordingly, the notice of removal is
22 proper.  Although Avenue correctly notes that complete preemption applies where a
23 plaintiff's state law claims falls within the scope of ERISA's civil enforcement provisions,
24 Avenue fails, however, to identify in its opposition any ERISA civil enforcement provision
25 that "displace[s]" Crawford's state law claims.  See Toumajian, 135 F.3d at 656 ("Section
26 1132(a) of ERISA, by its express terms, limits the causes of action that are available under
27 the statute, as well as by whom and against whom they may be brought.").  For this reason,
28 Avenue has failed to meet its "burden to prove that the district court [has] subject matter

4

jurisdiction over the claims in [the] complaint." See id. at 657.

Moreover, it is apparent that plaintiff's claims that she suffered "pain and suffering" and "emotional distress" between the date when her coverage was retroactively cancelled and the date it was retroactively reinstated (see Crawford Decl. ¶¶ 3-4), even if preempted by § 1144(a), do not fall within the scope of any of the subsections set forth in § 1132(a):

(1) Section (a)(1)(A) is "inapplicable" because, even assuming Crawford is a "participant" or "beneficiary,"[4] Crawford does not allege that Avenue failed to provide her with any "benefits information," see Toumajian, 135 F.3d at 656, and § 1332(a)(1)(B) is "inapplicable" because Crawford does not seek "benefits" under Avenue's medical plan and does not seek to "enforce the terms of the plan," see id.

(2) Section (a)(2) is "inapplicable" because Crawford is "not seeking relief on behalf of an ERISA plan." See id.

(3) Section (a)(3) is "inapplicable" because Crawford does not seek "equitable relief to redress any violations or enforce any provisions of ERISA," but, rather, seeks only "compensatory damages." See id.

(4) Section (a)(4) is "inapplicable" because, as noted, Crawford does not allege that Avenue failed to provide her with any "benefits information." See id.

(5) Section (a)(5) is inapplicable because the cause of action set forth therein may only be brought by the Secretary of Labor. See 29 U.S.C. § 1132(a)(5).

(6) Section (a)(6) is inapplicable because the cause of action set forth therein may only be brought by the Secretary of Labor. See 29 U.S.C. § 1132(a)(6).

---

[4] Avenue has failed to show, or even allege, that Crawford is a "participant" or "beneficiary." A former employee, such as Crawford, can only qualify as a "participant" if she has "a reasonable expectation of returning to covered employment or a colorable claim to vested benefits," see Curtis v. Nevada Bonding Corp., 53 F.3d 1023, 1027 (9th Cir. 1995) (internal quotation and citation omitted); nothing in the complaint suggests Crawford expects to return to "covered employment" with Avenue, and, as noted, Crawford does not assert a claim to benefits. In the absence of a showing that Crawford has standing to bring an ERISA claim, the complaint is subject to remand, because "a plaintiff's standing to enforce ERISA is a prerequisite to both subject matter jurisdiction and ERISA preemption." See id. 53 F.3d at 1027-29 (9th Cir. 1995) (remanding state law claims, where defendant failed to establish plaintiff was plan participant or beneficiary at time plaintiff filed complaint).

  (7) Section (a)(7) is inapplicable because the cause of action set forth therein may only be brought by a State. See 29 U.S.C. § 1132(a)(7).

  (8) Section (a)(8) is inapplicable because Crawford does not allege Avenue failed to provide her with a document required by 29 U.S.C. § 1021(f). See 29 U.S.C. § 1132(a)(8).

  (9) Section (a)(9) is inapplicable because Crawford does not allege she is or was a participant or beneficiary in a pension plan. See 29 U.S.C. § 1132(a)(9).

  (10) Section (a)(10) is inapplicable because Crawford's complaint includes no facts to indicate that Avenue's medical plan is a "multiemployer plan" that is or was "in endangered or critical status," as those terms are defined in 29 U.S.C. § 1085(a). See 29 U.S.C. § 1132(a)(10).

  In sum, because Avenue has failed to show that any of Crawford's state law claims "fall within the civil enforcement provisions of § 1132(a) of ERISA," the Court "lack[s] jurisdiction" over Crawford's complaint. See Toumajian, 135 F.3d at 657.[5]

  Accordingly, the motion to remand will be granted.

**B. Motion for Attorney's Fees**

  Crawford seeks an award of attorney's fees in the amount of $8391.50, which amount Crawford contends she reasonably incurred as a result of the improper removal.

  "An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." See 28 U.S.C. § 1447(c). Such an award is proper only where "the removing party lacked an objectively reasonable basis for seeking removal." See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

  Here, the complaint alleges that Avenue retroactively terminated Crawford's coverage under Avenue's medical plan without cause. The complaint does not clearly

---

[5] In her moving papers, Crawford does not express deny, or even address, Avenue's assertion that Crawford's insurance was provided "pursuant to an employee benefit plan subject to the provisions of ERISA." (See Notice of Removal ¶ 5.) In her reply, Crawford, for the first time, contends Avenue has not shown the plan is subject to ERISA. In light of the Court's findings set forth herein, the Court does not address this additional argument.

1  identify the nature of the injuries allegedly incurred by reason of such termination, and does
2  not clearly identify the nature of the relief sought with respect thereto.  Although, post-
3  removal, Crawford has clarified that her coverage was retroactively reinstated and, thus,
4  she does not seek benefits or an order enforce any provision in an ERISA plan, at the time
5  of the removal the complaint reasonably could have been interpreted as seeking an order
6  of benefits.  Consequently, the Court finds Avenue had an objectively reasonable basis for
7  seeking removal.
8      Accordingly, the motion for an award of attorney's fees will be denied.

## CONCLUSION

10      For the reasons stated above,
11      1. Crawford's motion to remand is hereby GRANTED, and the action is hereby
12  REMANDED to the Superior Court for the State of California, in and for the County of
13  Alameda.
14      2. Crawford's motion for attorney's fees and costs is hereby DENIED.
15  **IT IS SO ORDERED.**

17  Dated:  July 22, 2010              /s/ Vaughn R Walker
                                        VAUGHN R WALKER for
18                                      MAXINE M. CHESNEY
                                        United States District Judge